E. PIERCE AND ELAINE T. MARSHALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Marshall v. Commissioner
Docket No. 35827-85.
United States Tax Court
T.C. Memo 1986-582; 1986 Tax Ct. Memo LEXIS 25; 52 T.C.M. (CCH) 1160; T.C.M. (RIA) 86582; December 10, 1986. C. M. Meadows, Jr., and Williams R. Cousins, III for the petitioners. Emron Pratt and A. Shawn Noonan for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax and additions to tax for negligence for the taxable years 1977 [1] *26 and 1980 as follows: [2] Section 6653(a) Year
Deficiency
Addition to Tax
1977
$901.60
$45.08
1980
241,177.39
12,058.87
This case is before the Court on cross-motions to dismiss for lack of jurisdiction. Petitioners allege that the statutory notice of definiency is invalid because respondent failed to send it to petitioners' last known address as required by section 6212(b)(1). Respondent asserts that this Court lacks jurisdiction because petitioners did not file their petition within 90 days of the mailing of the statutory notice of deficiency as required by section 6213(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, E. Pierce and Elaine T. Marshall, are husband and wife who resided at Dallas, Texas when they filed their petition in this case. Petitioner E. Pierce Marshall (hereinafter referred *27 to as "petitioner") is a corporate executive, stockbroker and investor. He was Vice President of Finance of International Oil and Gas Corporation from 1979 through 1981.During 1982 he managed his own investments and in 1983 joined the stock brokerage firm of Weber, Hall, Sale and Associates in Dallas. In August 1986 he took a leave of absence from Weber, Hall, Sale and Associates to serve as interim president of Electron Corporation in Littleton, Colorado. Petitioner is also chairman of the board of Electron Corporation. Petitioner's work requires him to travel frequently, sometimes for one or two weeks at a time. From 1976 until 1983 petitioner maintained an office at his father's place of business at 1502 Augusta Drive, #120, Houston, Texas. Petitioner received mail at post office box 42808L, Houston, Texas 77042. His father's employees picked up the mail and brought it to the Augusta Drive office. Mail was addressed to petitioner as follows: P.O. Box 42808L, 1502 Augusts Drive, number 120, Houston, Texas 77042 The zip code corresponds to the post office box which is where petitioner expected to receive mail. The street address was included for informational purposes. *28 Petitioner used this address on most of his business correspondence and listed it as his address on petitioners' income tax returns for the taxable years 1980, 1981 and 1982. On August 30, 1983 respondent sent petitioners a notice initiating an audit of their income tax return for 1980. Respondent mailed the notice to P.O. Box 42808L, 1502 Augusta Drive, #120, Houston, Texas 77042, and petitioners received the notice. On October 17, 1983 respondent mailed a document request to the same address and petitioners received it. On February 10, 1984 respondent mailed a Request to Extend the Statute of Limitations with respect to petitioners' 1980 return and accompanying Form 872-A to petitioners at the same address and petitioners received them. All of the correspondence came from respondent's Houston district office, which subsequently mailed the statutory notice of deficiency to petitioners. Respondent's administrative file prior to the issuance of the statutory notice also contained examination work papers, a tax shelter referral report, a transfer of return form and two IDRS correspondence action sheets, all bearing the address P.O. Box 42808L, 1502 Augusta Drive, #120, Houston, *29 Texas 77042. The audit labels in the file used for correspondence with petitioners also bore the above address. Only three documents in the administrative file showed an address different from the address on petitioners' 1980 income tax return. These were internal documents prepared by respondent's Service Center -- one "ACTRA printout" of petitioners' account and two computer printouts dated May 1, 1984 and July 20, 1984. The documents showed petitioners' address as "1502 Augusta Drive 120, Houston, Texas 77057." Nothing in the record indicates how respondent dropped the post office box reference from the address. The new zip code corresponded to the street address. Petitioner never instructed respondent to correspond with him using only the street address. No other documents in the administrative file showed only the street address or used the zip code 77057. Douglas E. Brown, the Senior 90-day reviewer in respondent's Houston district office responsible for issuing the statutory notice of deficiency to petitioners, relied on respondent's internally generated documents to ascertain petitioners' address. He presumed that 1502 Augusta Drive, #120, Houston, Texas 77057 was *30 petitioners' most recent address because the internally generated documents with this address on them were the most recent documents in the file. He reasoned that there had been no error in dropping the post office box from petitioners' address because zip code 77057 corresponded to the street address. Brown was aware of the other address in the file and that respondent's procedure was to examine both the administrative file and internally generated documents and to send duplicate original notices of deficiency when there was any confusion as to the proper address. At the time he issued the statutory notice, however, Brown was not confused. On cross-examination he admitted that the Service Center may have made an error. Respondent issued a statutory notice of deficiency on August 31, 1984, three days before the statute of limitations was to expire. The notice was sent, certified mail, to "1502 Augusta Drive, #120, Houston, Texas 77057." The United States Postal Service returned the notice of deficiency to respondent on September 6, 1984. Brown did not receive or know of the returned notice because once a statutory notice was issued, petitioners' file was sent to another department. *31 Respondent's Houston district office did not have a procedure at that time for sending returned notices of deficiency back to the reviewer responsible for issuing them to ascertain whether the notice could be sent to another address, and no effort was made to locate a different address because the statute of limitations had expired. Petitioners received a Request to Extend the Statute of Limitations for 1980 and accompanying Form 872-A in February 1984, then heard nothing further from respondent for over a year. On April 12, 1985 respondent sent petitioners a bill for overdue taxes. The bill was sent to P.O. Box 42808L, 7600 W. Tidwell Street, Suite 800, Houston, Texas 77040, the address shown on petitioners' 1983 income tax return. [3] Petitioner wrote to respondent requesting an explanation of the bill and in response, on July 19, 1985, received for the first time the statutory notice of deficiency dated August 31, 1984. Petitioner again wrote to respondent requesting an explanation but heard nothing until September 1985 when he received notice that respondent was going to seize some of his assets unless he made arrangements to pay the allegedly overdue tax. That notice was *32 also sent to P.O. Box 42808L, 7600 W. Tidwell, Suite 800, Houston, Texas 77040. Petitioners filed their petition with this Court on September 20, 1985. OPINION We must determine whether respondent mailed the statutory notice of deficiency to petitioners' last known address. If he did not, the statute of limitations has run, and respondent is barred from assessing or collecting the deficiencies. If the notice of deficiency was mailed to petitioners' last known address, petitioners are precluded from arguing the merits of their case because the petition was not timely filed. Consequently, we lack jurisdiction to consider the merits of this case regardless of how we decide the jurisdictional issue. Nevertheless, we have jurisdiction to determine our jurisdiction. . Petitioners argue that they gave respondent *33 one address at which they could be reached and that respondent misstated the address on the statutory notice of deficiency. Respondent contends that petitioners provided him with two addresses, a post office box and a street address, and that he was free to choose between them and send the statutory notice to either one. Section 6212(b)(1) provides that respondent must mail a statutory notice of deficiency in income tax to the taxpayer at his last known address. Neither the Code nor the regulations define "last known address," but we have defined it as "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." ; see ; , affd. without published opinion . The focus in determining the last known address is on what respondent knew at the time he issued a *34 statutory notice of deficiency and whether, in light of all of the surrounding facts and circumstances, he used an address to which he reasonably believed the taxpayer wanted the notice to be sent. ; ; ;Respondent must exercise due diligence in ascertaining a taxpayer's last known address. ; In Pyo v. Commissioner, the taxpayers moved and filed subsequent returns listing their new address. Respondent corresponded with the taxpayers during the course of the audit using their new address but then sent the notice of deficiency to the old address. . The taxpayers did not receive the notice of deficiency. We held that respondent did not exercise reasonable diligence in sending the statutory notice to the taxpayers' old address because he had corresponded with the taxpayers at the new *35 address on several occasions prior to the mailing of the notice of deficiency. In Mulvania v. Commissioner, we held, and the Ninth Circuit affirmed, that an erroneously addressed and undelivered notice of deficiency was not valid under section 6212(b)(1) because it was not sent to the taxpayer's last known address. , affg. a Memorandum Opinion of this Court. [4] Respondent sent the notice of deficiency by certified mail to "St. Linda Isle Drive" rather than to "57 Linda Isle Drive," the correct address. The postal service returned the notice to respondent but because respondent mailed the notice on the last day of the statutory period, he could not remail it with the correct address within the prescribed time. Mulvania v. Commissioner, 796 F.2d at 1377. In Karosen v. Commissioner, a Memorandum Opinion of this Court, [5] *36 the taxpayers moved and respondent subsequently corresponded with them at both their new and old addresses. Respondent mailed the notice of deficiency to the old address and the taxpayers did not receive it. We held that where there is more than one possible last known address in the file, resulting in doubt as to which is the correct address, the exercise of due diligence requires that duplicate original notices be mailed to each possible address. Respondent's procedural manual provides that a statutory notice of deficiency ordinarily should be sent to the address shown on the taxpayer's return. If there is any doubt as to what constitutes the taxpayer's last known address, however, the manual requires that duplicate original notices be sent to each known address. [6] Had respondent either sent notice to the address shown on petitioners' return or followed the procedures of his manual and sent duplicate notices there would have been no serious jurisdictional dispute in this case. Respondent, however, did not exercise due diligence. Respondent's *37 failure to use the correct address in light of his use of the correct address on every correspondence with petitioners prior to issuance of the notice of deficiency demonstrates his lack of due diligence. See . Brown, the senior 90-day reviewer responsible for issuing the statutory notice, stated that he did not send duplicate notices because there was no doubt in his mind as to the proper address. Whether Brown was confused, however, is not the issue. Someone, unidentified, in respondent's Houston district office or the Service Center chose on his own initiative to prefer the street address over the post office box. Petitioner never told respondent to use the street address alone. There is nothing in the record to indicate the reasons for the choice made, and absent some indication that petitioners desired correspondence at the street address, respondent was obligated either to send duplicate original notices of deficiency to each address or to use the only address that petitioners had ever provided respondent. Petitioners should not suffer the effect of respondent's choice. Petitioners provided respondent with an address *38 to which they wanted respondent to send all correspondence. Petitioners had a right to expect that respondent would continue to use only the address that they had provided. See . As this Court and others have recently stated, "an innocent taxpayer should not be penalized because the tax collector neglects to tell his right hand what his left hand is doing." ; . Whether the address petitioners provided to respondent is viewed as a single address or as two separate addresses, the notice of deficiency was erroneously addressed. An erroneously addressed and undelivered notice of deficiency is not valid under section 6212(b)(1). See . We therefore grant petitioners' motion to dismiss for lack of jurisdiction. An appropriate order will be issued.
Footnotes
1. The deficiency in income tax and addition to tax determined by respondent for 1977 resulted from an investment tax credit carried back from 1980 being fully absorbed in 1980. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. In 1983 petitioner's father moved to a new office at 7600 W. Tidwell, Suite 800, Houston, Texas 77040. Petitioner continued to use the same post office box and corresponding zip code with the new street address for his business correspondence and on his income tax returns for 1983 and subsequent years.↩
4. The Federal Reporter erroneously states that the Ninth Circuit opinion affirmed . The Ninth Circuit actually affirmed .↩
5. .↩
6. Section 4462.1(3), Internal Revenue Manual (3/29/85).↩